# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **AKECHETA MORNINGSTAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:25-cv-02376-SHL-atc** |
| **v.** | ) | |
| | ) | |
| **ADVANCED DENTAL, PLLC and** | ) | |
| **GARNER NICHOLS DENTAL, PLLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## REPORT AND RECOMMENDATION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

---

On April 1, 2025, Plaintiff Akecheta Morningstar filed a *pro se* Complaint (ECF No. 2) and a motion to proceed *in forma pauperis* (ECF No. 3), which was subsequently granted (ECF No. 8).  Morningstar also filed a Motion to Transfer Case for Improper Venue Pursuant to 28 U.S.C. § 1406(a) on August 20, 2025.  (ECF No. 10.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.[1]

---

[1] An order transferring venue effectively terminates "activity in the case *in that forum*," and is therefore a dispositive ruling requiring disposition by report and recommendation.  *Payton v. Saginaw Cnty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010); *see also Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 993 F. Supp. 2d 846, 851 (W.D. Tenn.) (holding that a motion to transfer venue is a dispositive matter excepted from the authority that 28 U.S.C. § 636(b)(1)(A) grants to magistrate judges).

For the reasons set forth below, it is recommended that Morningstar's Motion be granted

and that this matter be transferred to the United States District Court for the Southern District of

Mississippi.

Morningstar alleges that Defendants Advanced Dental, PLLC ("Advanced Dental") and

Garner Nichols Dental, PLLC ("Garner Nichols") violated Title VI of the Civil Rights Act of

1964 by allegedly refusing him dental services due to his "race and national origin." (ECF No 2,

at 4.) Morningstar acknowledges in his Complaint that "this case was supposed to have [b]een

filed in the Federal Court of Mississippi." (ECF No. 2, at 1.) Morningstar apparently chose this

Court, however, because he feels "he has been blackballed" by the "[Mississippi] Federal Court

system." (*Id.* at 2.) Interestingly, despite his musings regarding his decision to file in this Court

(*id.* at 1–2), Morningstar later filed a Motion to Transfer, seeking to transfer this action to the

Southern District of Mississippi. (ECF No. 10.) In support of his Motion, Morningstar contends

that he "now realizes that this Court is not the proper venue" because "the defendants do not

reside in Tennessee." (*Id.* at 1.)

A civil action must be brought in (1) "a judicial district in which any defendant resides, if

all the defendants are residents of the State in which the district is located," (2) in "a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred,"

or, (3) if neither of the first two apply, in any "judicial district in which any defendant is subject

to the court's personal jurisdiction." 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), a

district court may, in the interest of justice, transfer a case filed in the wrong judicial district "to

any district or division in which it could have been brought."

2

Here, as Morningstar acknowledges, Advanced Dental is a Mississippi professional limited liability company.[2]  Based on a review of Advanced Dental's website, Garner Nichols is an Advanced Dental office also operating in Mississippi.[3]  Accordingly, both Defendants are residents of Mississippi—specifically, of Jackson and Hattiesburg, both of which are within the Southern District of Mississippi.  Further, Morningstar alleges that the events giving rise to his claims occurred in Mississippi.  This action, therefore, could have, and should have, been filed in the Southern District of Mississippi.  Accordingly, it is recommended that Morningstar's Motion be granted and that the case be transferred to the Southern District of Mississippi.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Morningstar's Motion be granted and this matter be transferred to the Southern District of Mississippi.

Respectfully submitted this 22nd day of December, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.

---

[2] *See* Advanced Dental Clinic, PLLC, Mississippi Secretary of State, https://business.sos.ms.gov/star/portal/msbsd/page/uccSearch-filingchain/portal.aspx?Id=06b2f84d-80ea-4fc8-92fb-f75524e189b4 [https://perma.cc/Y9JY-HFNS].

[3] *See* Garner Nichols Dental, PLLC, Advanced Dental Clinic, PLLC's Other Offices, https://advanceddentalclinicpllc.com/other-offices/ [https://perma.cc/4KLB-2DNB].