IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AKECHETA MORNINGSTAR, <br>     Plaintiff, <br><br> v. <br><br> ADVANCED DENTAL, PLLC and <br> GARNER NICHOLS DENTAL, PLLC, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )      No. 2:25-cv-02376-SHL-atc <br> ) <br> ) <br> ) <br> ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
TRANSFERRING VENUE TO THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI**

Plaintiff Akecheta Morningstar filed a pro se complaint against Defendants Advanced Dental, PLLC, and Garner Nichols Dental, PLLC, alleging that they violated Title VI of the Civil Rights Act of 1964 by refusing him dental services due to his "race and national origin." (ECF No. 2 at PageID 5.) He acknowledges in his complaint that he "is aware of the fact that this case was supposed to have [b]een filed in Federal Court of Mississippi." (Id. at PageID 2.) However, he contends that he has filed cases in both the Northern and Southern Districts of Mississippi, but that he "has been blackballed" there and denied due process. (Id. at PageID 2–3.)

On August 20, 2025, Morningstar filed a Motion to Transfer Case for Improper Venue Pursuant to 28 U.S.C. § 1406(a). (ECF No. 10.) There, he declared that he "now realizes that this Court is not the proper venue, despite [his] valid reasoning. The Plaintiff contends that the defendants do not reside in Tennessee. As such, this venue is not proper." (Id. at PageID 23.) Morningstar's Motion requests that the Court "[f]ind that venue in the western District of Tennessee is improper," and "[t]ransfer this action to the Southern District of Mississippi

(Southern or Northern Divisions)[.]" (Id. at PageID 24.)

On December 22, 2025, Magistrate Judge Annie T. Christoff entered a Report and Recommendation ("R&R") recommending that Morningstar's Motion be granted and the case transferred to the Southern District of Mississippi. (ECF No. 12.) There being no objections to the R&R, and finding no clear error, it is **ADOPTED**.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The deadline to file objections to the R&R was January 5, 2026. No objections have been filed.[1]

In her R&R, Judge Christoff correctly outlines the basis for establishing venue under 28 U.S.C. § 1391(b). That is, civil actions must be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Further, Judge Christoff explained that, under 28 U.S.C. § 1406(a), "a district court may, in the

---

[1] Morningstar does not appear to have effectuated service on either Defendant.

2

interest of justice, transfer a case filed in the wrong judicial district 'to any district or division in which it could have been brought.'" (ECF No. 12 at PageID 27.)

Judge Christoff concluded that, because Defendants are both residents of Mississippi, and because Morningstar alleges that the events giving rise to his claims occurred there as well, Morningstar's case "could have, and should have, been filed in the Southern District of Mississippi." (ECF No. 12 at PageID 28.) Based on his complaint, his Motion to Transfer, and the absence of any objection to the R&R, Morningstar appears to agree with that conclusion. Because the Court finds no clear error, the R&R is **ADOPTED**. The Clerk is directed to transfer this matter to the Southern District of Mississippi.

**IT IS SO ORDERED,** this 16th day of January, 2026.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE